GEORGE FRANCIS BARLOW, PLAINTIFF-APPELLEE, v. GEORGE E. STERR, DEFENDANT-APPELLANT.

Submitted January 27, 1933—Decided June 21, 1933.

Before Justices BODINE and DONGES.

For the defendant-appellant, *Mark Townsend, Jr.*

For the plaintiff-appellee, *Turner & Stalter* (*Frank G. Turner*).

PER CURIAM.

The plaintiff was employed at a service station of the Standard Oil Company. The defendant desired to have his car serviced. To accomplish this purpose, he was directed to drive on the usual type of lift. Plaintiff, directing the defendant, was standing behind the lift in order to see that all four wheels were in proper position. The defendant, when the car was in front of the lift, was told to drive slowly. When the front wheels were two feet from the chucks designed to hold the car in place he was requested to hold the car. Instead he applied the power and the car, with terrific speed, jumped the chucks injuring the plaintiff, who tried and failed to jump to a point of safety.

It would have been improper either to have nonsuited the plaintiff, or to have directed a verdict in favor of the defendant. It was open to the jury to find that the defendant's lack of care was the proximate cause of the injury. The issue of contributory negligence was properly submitted to the jury.

The court declined to give the following request: "If the plaintiff violated any rule of his employer, the Standard Oil Company of New Jersey, which has been offered in evidence, as to the position he took when the defendant's car entered upon the lift, and that violation contributed proximately to the happening of the accident, he is guilty of contributory negligence, and your verdict must be 'no cause of action.'" The defendant was not prejudiced thereby. While some of the rules of the Standard Oil Company were read into the record without objection, such rules so far as we find, were not applicable. In fact, we think that the plaintiff did obey

the injunction, "to stand at the rear of the lift to direct the customer." The testimony indicates that the plaintiff stood in this very position, and further he testified that it was the only position where he could, with certainty, direct the customer so that the car could be properly placed. The jury could well find that his injuries were not due to the position he had taken, but because of the failure of the defendant to exercise that degree of care which he was under a duty to observe.

The court in the charge given instructed the jury to disregard any statements of law made by counsel and directed them that they must be governed by the law as stated by the court. By so doing any erroneous statement of law which may have been made by counsel was corrected. However, as we read the summation of plaintiff's counsel, we do not think he transcended the proprieties in asserting what he apprehended might be the legal principles applicable to the case.

The judgment is affirmed.